IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,420




EX PARTE EPHRAIM LEE WILSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W97-74953-S(A) IN THE 282ND JUDICIAL DISTRICT COURT
FROM DALLAS COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery in exchange for seven years’ deferred adjudication community supervision. He was later
adjudicated guilty and sentenced to twenty years’ imprisonment. The Fifth Court of Appeals
dismissed his appeal for want of jurisdiction. Wilson v. State, No. 05-02-00163-CR (Tex. App. –
Dallas, November 18, 2002).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance, and that
his plea of guilty was caused by counsel’s ineffectiveness. The trial court held a hearing, and has
determined that trial counsel was ineffective in that counsel failed to investigate, failed to interview
a witness who was available and willing to provide testimony that would have exonerated Applicant,
and erroneously advised Applicant to plead guilty. The trial court finds that but for counsel’s
deficient performance, Applicant would not have pleaded guilty but would have insisted on going
to trial. Furthermore, the trial court finds that had Applicant gone to trial with competent counsel,
and had the testimony of the witness in question been presented, the jury would have been unlikely
to convict Applicant of this offense.
            Applicant is entitled to relief. The judgment in Cause No. W97-74953-S(A) from the 282nd
Judicial District Court of Dallas County is set aside, and Applicant is remanded to the custody of the
Sheriff of Dallas County to answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
 
 
Delivered: September 22, 2010
Do Not Publish